UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES THOMAS TURNER, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHENGDATECH, INC., XIANGZHI CHEN, ANDREW WEIWEN CHEN, and ANHUI GUO,<br><br>　　　　　Defendants. | No. 11 Civ. 1918-TPG |
| MARLON FUND SICA V PLC, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHENGDATECH, INC., XIANGZHI CHEN, ANHUI GUO, and ANDREW WEIWEN CHEN,<br><br>　　　　　Defendants. | No. 11 Civ. 1996-RJH |
| ERIK S. MATHES, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHENGDATECH, INC., XIANGZHI CHEN, ANDREW WEIWEN CHEN, and ANHUI GUO,<br><br>　　　　　Defendants. | No. 11 Civ. 2064-UA |

**MEMORANDUM OF LAW IN SUPPORT OF MARLON FUND SICA V PLC'S MOTION TO CONSOLIDATE THE RELATED ACTIONS, FOR APPOINTMENT AS <u>LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF COUNSEL</u>**

Plaintiff Marlon Fund SICA V PLC ("Marlon") respectfully submits this memorandum in support of its motion, pursuant to 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating all related securities class actions pursuant to Fed. R. Civ. P. 42(a);

(2) appointing Marlon as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired securities of ShengdaTech, Inc. ("ShengdaTech" or the "Company"); (3) approving its selection of the law firm of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Three securities class actions[1] have been filed in the Southern District of New York.[2] Each raise substantially similar allegations: that defendants violated Sections 10(b) and 20(a) of the Exchange Act by issuing false and misleading financial statements during the Class Period.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Marlon, with a loss of $131,168 or $23,928--depending on the method of calculation used to calculate losses-- in connection with its purchases of ShengdaTech during the Class Period, is adequate and typical to serve as lead plaintiff.  Marlon believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this action.  Marlon has the largest financial interest in the relief sought in this action by virtue of its substantial investments in ShengdaTech during the Class Period and the losses it suffered as a result of Defendants' misconduct.  Marlon further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as an

---

[1] The actions are entitled: *Turner v. ShengdaTech, Inc.*, 11 Civ. 1918-TPG; *Marlon Fund SICA V PLC v. ShengdaTech, Inc.*, 11 Civ 1996-RJH; and *Mathes v. ShengdaTech, Inc.*, 11Civ 2064-UA.  The *Turner* and *Mathes* actions are on behalf of all persons who purchased or otherwise acquired ShengdaTech securities during the period between March 15, 2010 and March 15, 2011 (the "Class Period").   The *Marlon* action is on behalf of all persons who purchased or otherwise acquired ShengadaTech between May 10, 2010 and March 14, 2011.

[2] On March 25, 2011, *McDermott v. ShengdaTech, Inc.*, 11 Civ. 2557-GHK-CW was filed in the Central District of California.

adequate loss representative with claims typical of the other Class members. Accordingly, Marlon respectfully submits that it should be appointed Lead Plaintiff.

## FACTUAL BACKGROUND

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, serious discrepancies in the Company's and its subsidiaries financial records and the lack of adequate internal and financial controls resulted in the Company's issuance of materially false and misleading financial results at all relevant times.

On March 15, 2011, the Company shocked the market with the disclosure "that it appointed a special committee of the Board of Directors to investigate potentially serious discrepancies and unexplained issues relating to the Company and its subsidiaries' financial records."

Upon this disclosure, Nasdaq halted trading of ShengdaTech shares at $3.55.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, where as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been

3

filed…." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc*., 252 F.R.D. 188 (S.D.N.Y. 2008) (Sweet, J.).  Here, all of the related actions allege claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and all stem from ShengdaTech's disclosure concerning discrepancies and unexplained issues relating to the Company and its subsidiaries' financial records.  Accordingly, consolidation of the related actions is appropriate. *Lintz v. Agria Corp*., 2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) (consolidating actions that all alleged federal securities law violations arising out of defendants' alleged issuance of false and misleading financial statements).

## II.     MARLON SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re UBS Auction Rate Sec. Litig.*, 2008 U.S. Dist. LEXIS 56016 (S.D.N.Y. July 16, 2008).

As set forth below, Marlon satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A. Marlon Is Willing to Serve as a Class Representative

On March 18, 2011, Robbins Geller Rudman & Dowd LLP, counsel in the first filed action against the defendants, styled *Turner v. ShengdaTech, Inc.*, Case No. 11 Civ. 1918-TPG, caused a notice ("Notice") to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of ShengdaTech securities that they had until May 17, 2011, to file a motion to be appointed as Lead Plaintiff. *See* Notice attached hereto as Exhibit 1.

Marlon has filed the instant motion pursuant to the Notice, and has attached its Certification attesting that it is willing to serve as Lead Plaintiff for the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Certification attached hereto as Exhibit 2. Marlon is the beneficial owner of its ShengdaTech securities. Luc Sitbon, Director of Marlon has the authority to execute the Certification and file the instant motion on behalf of Marlon. Accordingly, Marlon satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Marlon Has The "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the

relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Davidson v. E\*Trade Fin. Corp.*, 2008 U.S. Dist. LEXIS 61265 (S.D.N.Y. July 16, 2008); *In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

As of the time of the filing of this motion, Marlon believes that it has the largest financial interest of any of the movants with regard to the relief sought by the Class. Marlon (1) purchased 55,000 shares of ShengdaTech securities; (2) spent $255,781 on its purchases of ShengdaTech securities; (3) retained 30,200 shares; and (4) as a result of the disclosure of the fraud, Marlon suffered a loss $131,168 if the value of Shengdatech securities is deemed to be $0 in light of the halt of trading in the Company's stock on March 15, 2011 or $23,928 if the last trading price of $3.55 is used as the PSLRA 90 day mean average. *See* Chart attached hereto as Exhibit 3.

*See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at \*7-\*8 (N.D. Ill. Aug. 6, 1997). Because Marlon possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

   **C.** **Marlon Satisfies the Requirements<br>of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).  "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id.*  Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Id.  See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class.") (citation omitted).

Marlon's claims are typical of those of the Class.  It alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were

7

false or misleading statements of material facts concerning ShengdaTech, or omitted to state material facts necessary to make the statements they did make not misleading. Marlon, as did all members of the Class, purchased ShengdaTech securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

Marlon is an adequate representative for the Class. There is no antagonism between its interests and those of the Class and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, it has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submit its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### C. Marlon Will Fairly and Adequately Represent Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Marlon as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Its ability and desire to fairly and adequately represent the Class has been discussed above. Marlon is not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class. Accordingly, Marlon should be appointed Lead Plaintiff for the Class.

### III. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Marlon has selected the Pomerantz law firm as Lead Counsel. The Pomerantz firm is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* Pomerantz Resume attached hereto as Exhibit 4. As a result of the firm's extensive experience in litigation involving issues similar to those raised in this action, Marlon's counsel has the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Marlon's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Marlon respectfully requests the Court to issue an Order (1) consolidating the related actions; (2) appointing Marlon as Lead Plaintiff for the Class; (3) approving the Pomerantz firm as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: May 17, 2011
New York, New York

Respectfully submitted,

**POMERANTZ HAUDEK
 GROSSMAN & GROSS LLP**

/s/ Marc I. Gross
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

**POMERANTZ HAUDEK
 GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

*Attorneys for Marlon Fund SICA V PLC*