## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES THOMAS TURNER, Individually and on Behalf of All Others Similarly Situated, <br><br>      Plaintiff, <br><br>  v. <br><br>SHENGDATECH, INC., XIANGZHI CHEN, ANDREW WEIWEN CHEN, and ANHUI GUO, <br><br>      Defendants. | CASE No. 1:11-CV-01918-TPG |
| MARLON FUND SICAV PLC, Individually and on Behalf of All Others Similarly Situated, <br><br>      Plaintiff, <br><br>  v. <br><br>SHENGDATECH, INC., XIANGZHI CHEN, ANHUI GUO, and  ANDREW WEIWEN CHEN, <br><br>      Defendants. | CASE No. 1:11-CV-01996-RJH |
| ERIK S. MATHES, on behalf of himself and all others similarly situated, <br><br>      Plaintiff, <br><br>  v. <br><br>SHENGDATECH, INC., XIANGZHI CHEN, ANDREW WEIWEN CHEN, and ANHUI GUO, <br><br>      Defendants. | CASE No. 1:11-CV-02064-UA |

DONALD D. YAW and EDWARD J. SCHAUL,
Individually and on Behalf of All Others Similarly
Situated,

                        Plaintiffs,

      v.

SHENGDATECH, INC., XIANGZHI CHEN,
ANDREW WEIWEN CHEN, and ANHUI GUO,

                     Defendants.

CASE No. 1:11-CV-03325-UA

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THOMAS H. LOOMIS
FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND
(3) APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL**

## I.    INTRODUCTION

Presently pending in this District are four related securities fraud class actions (the "Securities Class Actions") brought pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a),and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240 10b-5.[1]  The pending Related Cases are:

| Case Caption | Court | Case No. | Date Filed | Assigned Judge |
|---|---|---|---|---|
| *Turner v. ShengdaTech, Inc., et al.* | SDNY | 11-cv-01918 | 3/18/2011 | Thomas P. Griesa |
| *Marlon Fund SICA V PLC v. ShengdaTech, Inc., et al.* | SDNY | 11-cv-01996 | 3/22/2011 | Richard J. Holwell |
| *Mathes v. ShengdaTech, Inc., et al.* | SDNY | 11-cv-02064 | 3/24/2011 | Unassigned |
| *Yaw v. ShengdaTech, Inc., et al.* | SDNY | 11-cv-03325 | 5/16/2011 | Unassigned |

Thomas H. Loomis ("Mr. Loomis") suffered losses of approximately $3,900[2] as a result of his purchase of ShengdaTech, Inc. ("ShengdaTech" or the "Company") common stock during the period between May 7, 2008 and March 15, 2011 (the "Class Period")[3], and respectfully submits this Memorandum of Law in support of his motion to: (1) consolidate; (2) be appointed

---

[1] In addition to the four cases filed in this District, an action has also been filed in the Central District of California: *McDermott v. ShengdaTech, Inc., et al.*, No. 11-cv-02557 (C.D. Cal. Filed March 25, 2011). Contemporaneous with this filing, Mr. Loomis will also move for appointment as lead plaintiff in the California action.

[2] Mr. Loomis's loss of $3,900 is calculated based on the last trading price for the stock of $3.55 per share on March 14, 2011.  However, considering that ShengdaTech stock has been indefinitely halted since March 14, 2011, rendering it effectively worthless, Mr. Loomis's losses are actually $39,400 based on the total amount he expended.

[3] The Class Period referred to herein is the longest possible class period based on the cases that have been filed. For purposes of determining which lead plaintiff movant has the "largest financial interest," courts often use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that class period.  *See, e.g.*, *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2006) ("For the purpose of determining lead plaintiff, I find that the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members . . . .").

The longest class period begins on May 7, 2008 and ends on March 15, 2011. *See Yaw v. ShengdaTech, Inc., et al.*, No. 11-cv-03325 (S.D.N.Y. filed May 16, 2011).  Three of the five cases filed have class periods that start on March 15, 2010 and end on March 15, 2011.  *See Turner v. ShengdaTech,, Inc. et al.*, No. 11-cv-01918 (S.D.N.Y. filed March 18, 2011); *Mathes v. ShengdaTech, Inc. et al.*, No. 11-cv-02064 (S.D.N.Y. filed March 24, 2011); *McDermott v. ShengdaTech, Inc. et al.*, No. 11-cv-02557 (C.D. Cal. filed March 25, 2011).  One case has a class period that starts on May 10, 2010 and end on March 14, 2011.  *See Marlon Fund SICAV PLC v. ShengdaTech, Inc. et al.*, No. 11-cv-01996 (S.D.N.Y. filed March 22, 2011).

Lead Plaintiff; and (3) approve his choice of Lead Counsel.  *See* Declaration of Irina Kobylevsky, dated May 17, 2011 (hereinafter "Kobylevsky Decl."), Exhibit A, (Certification of Thomas H. Loomis); and Exhibit B (chart of estimated losses sustained by Mr. Loomis).

Mr. Loomis believes he has the largest financial interest of any movant.  As set forth below, Mr. Loomis requests appointment as Lead Plaintiff and requests appointment of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Lead Counsel.

## II.    PROCEDURAL BACKGROUND

On March 18, 2011, the first securities class action, *Turner v. ShengdaTech,, Inc. et al.* No. 11-cv-1918 (S.D.N.Y. filed March 18, 2011) was commenced on behalf of shareholders who purchased shares of ShengdaTech between March 15, 2010 and March 15, 2011.  The complaint alleges that, in violation of the Securities Exchange Act of 1934 ("Exchange Act"), ShengdaTech and certain of its officers and/or directors made materially false and misleading statements and failed to disclose certain adverse facts during the Class Period, which were known to defendants or recklessly disregarded by them.  Subsequently, on May 16, 2011, *Yaw v. ShengdaTech, Inc., et al.*, No. 11-cv-03325, was filed in this District, expanding the Class Period to May 7, 2008 through March 15, 2011.

On March 18, 2011, plaintiff's counsel in *Turner* published a notice to class members with *Business Wire* (the "Notice")*,* as required by the Private Securities Litigation Reform Act (the "PSLRA").  Kobylevsky Decl., Ex. C.  The Notice advised purchasers of ShengdaTech common stock of the existence of a lawsuit and the nature of defendants' statements, omissions and conduct which allegedly artificially inflated the price of ShengdaTech common stock.  The Notice further advised potential class members of their right to move the Court to be appointed Lead Plaintiff within 60 days.

Mr. Loomis now moves this Court to be appointed as the Lead Plaintiff in these Related Actions.

## III.    SUMMARY OF THE RELATED ACTIONS

ShengdaTech purports to be engaged in developing, manufacturing and marketing nano precipitated calcium carbonate ("NPCC") products in China.  ShengdaTech also purports to use advanced processing technology to convert limestone into high quality NPPC products, which are sold to customers in the tire, polyvinyl, chloride ("PVC") building materials, ink paint, latex, adhesive, paper and polyethylene industries. It has been alleged that throughout the Class Period, ShengdaTech issued false statements and made material omissions regarding its internal controls over financial reporting, financial results and business. While touting its continued success during the Class Period, including that it expected 2010 revenue and net income from NPCC to be in the range of $123 million to $126 million and $25 million to $27 million, respectively, Defendants failed to disclose the existence of serious discrepancies and unexplained issues relating to the Company and its subsidiaries' financial records.

On March 15, 2011, before the market opened, ShengdaTech disclosed in a Form 8-K filing with the SEC that "it had appointed a special committee of the Board of Directors to investigate potentially serious discrepancies and unexplained issues relating to the Company and its subsidiaries' financial records identified by the Company's auditors in the course of their audit of the consolidated financial statements for the fiscal year ended December 31, 2010."  The Company further disclosed on March 15, 2011 that it was unable to file its form 10-K for the year ended December 31, 2010 in a timely manner.

On March 15, 2011, the NASDAQ stock market halted trading of ShengdaTech common stock prior to the opening of the market on March 15, 2011.  As a result, ShengdaTech stock has

not traded since March 14, 2011 when it closed at $3.55 per share after declining 6.8% that day on heavy volume.

## IV.   ARGUMENT

### A.   This Court Should Consolidate the Related Actions for Purposes of Efficiency

The Related Actions involve class action claims on behalf of class members who purchased ShengdaTech securities during the Class Period.  All of the Related Actions assert essentially similar and overlapping class claims brought on behalf of purchasers of ShengdaTech securities for alleged violations of the Exchange Act.   All of the Related Actions name essentially the same defendants and allege substantially overlapping and interrelated factual and legal issues.

Rule 42(a) of the Federal Rules of Civil Procedure permits the consolidation of actions that pose common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1990); *Albert Fadem Trust v. Citigroup, Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002).

Courts have recognized that class action shareholder suits are particularly suited to consolidation pursuant to Fed. R. Civ. P. 42(a), because their unification expedites pretrial proceedings, reduces case duplication, and minimizes the expenditure of time and money by all persons concerned. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D.N.Y. 1998). Consolidating multishareholder class action suits not only simplifies pretrial and discovery motions, class action issues, and clerical and administrative management duties, but also reduces the confusion that may result from prosecuting related class action cases separately. *Mohanty v. BigBand Networks, Inc.*, No. 07-5101, 2008 WL 426250, at *3 (N.D. Cal. Feb. 14, 2008).  Here, the test is met. Therefore, the Related Actions should be consolidated.

4

**B.      Mr. Loomis Should Be Appointed Lead Plaintiff**

      **1.      Mr. Loomis Believes He Has the Largest Financial
Interest in the Relief Sought by the Class**

The PSLRA sets forth the procedure for the selection of lead plaintiff in each private

action arising under the securities laws that is brought as a plaintiff class action pursuant to the

Federal Rules of Civil Procedure.  *See* Section 21D(c)(1) of the Exchange Act.  The PSLRA

provides that within twenty days after the date on which a class action is filed:

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated
> national business-oriented publication or wire service, a notice advising members
> of the purported plaintiff class –
>
> (I)      of the pendency of the action, the claims asserted therein, and the
> purported class period; and
>
> (II)     that, not later than 60 days after the date on which the notice is published,
> any member of the purported class may move the Court to serve as lead plaintiff
> of the purported class.

*See* Section 21D(a)(3)(A)(i) of the Exchange Act.

Further, the PSLRA directs the Court to consider any motions by a member or members

of the proposed class to serve as Lead Plaintiff(s) in response to any such notice within ninety

days after the date of publication of the notice, or as soon as practicable after the Court decides

any pending motion to consolidate any actions asserting substantially the same claim or claims.

Furthermore, under the PSLRA, the court "shall" appoint the most adequate plaintiff, and is to

presume that plaintiff is "the person, or group of persons", that:

> (aa)     has either filed the complaint or made a motion in response to a notice…;
>
> (bb)     in the determination of the court, has the largest financial interest in the
> relief sought by the class; and
>
> (cc)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of
> Civil Procedure.

*See* Section 21D(a)(3)(B) of the Exchange Act.

Thus, the statutory language explicitly provides that a member of the class, or a person or group of persons with "the largest financial interest" is entitled to presumptive appointment as lead plaintiff.  Mr. Loomis, with estimated losses of $3,900 based on the last traded price of ShengdaTech common stock of $3.55 per share on March 14, 2011, or losses of $39,400 valuing ShengdaTech common stock at $0 per share because the stock has been rendered worthless by the indefinite trading halt, believes he has the largest financial interest of any lead plaintiff movant and is presumptively entitled to appointment as the Lead Plaintiff.

### 2.   Mr. Loomis Is Qualified Under Rule 23

The PSLRA provides that, at the outset of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See* Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act.  With respect to the qualifications of the class representative, Rule 23(a) requires generally that the claims of the representative be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  As detailed below, Mr. Loomis satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed as Lead Plaintiff.

### a.   Mr. Loomis's Claims Are Typical
### of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when each class member's claim arises from the same course of conduct, even when minor distinctions exist.  Mr. Loomis's claims are typical of the claims of the members of the proposed Class.  Mr. Loomis and all other members of the proposed class purchased the publicly traded securities of ShengdaTech at prices inflated by defendants' misrepresentations and omissions and were damaged thereby.  Because

6

Mr. Loomis's claims arise from the same course of conduct that caused other members of the class to acquire ShengdaTech securities at artificially inflated prices, typicality is satisfied.

**b.  Loomis Will Fairly and Adequately Represent the Interests of the Class**

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4).  Generally, "adequacy of representation entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.* 222 F.3d 52, 60 (2d Cir. 2000) (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).

Here, Mr. Loomis's interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Mr. Loomis and the interests of the Class.  Mr. Loomis shares numerous common questions of law and fact with the members of the Class, and his claims are typical of the Class.  Moreover, Mr. Loomis has demonstrated that he is willing to serve as an advocate on behalf of the Class.  Specifically, Mr. Loomis signed a certification stating he is willing to serve as a representative of the class, including providing testimony at a deposition or trial.  Kobylevsky Decl., Ex. A.  Thus, the close alignment of interests between Mr. Loomis and the Class, combined with Mr. Loomis's strong desire to prosecute these actions on behalf of the Class, militates in favor of granting the instant motion.

**C.  This Court Should Approve the Loomis's Choice of Lead Counsel**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* Section 21D(a)(3)(B)(v) of the Exchange Act.  Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to protect the interests of the class.  Mr. Loomis has selected counsel highly experienced in prosecuting securities class

7

actions. *See* Kobylevsky Decl. Ex. D.  Mr. Loomis has retained the law firm of Kaplan Fox to serve as Lead Counsel.  Kaplan Fox has extensive experience litigating securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors. *Id.*

## V.      CONCLUSION

For the above reasons, Mr. Loomis respectfully requests that the Court: (1) consolidate the Related Actions, (2) appoint Mr. Loomis as Lead Plaintiff; and (3) approve his choice of Lead Counsel.

DATED: May 17, 2011

Respectfully submitted,

KAPLAN FOX & KILSHEIMER LLP


By: _____/s/ Irina Kobylevsky_____

   Frederic S. Fox
   Donald R. Hall
   Hae Sung Nam
   Irina Kobylevsky
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone:  (212) 687-1980
Facsimile:  (212) 687-7714

*Attorneys for Lead Plaintiff Movant Thomas H. Loomis*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May, 17, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send a notice of electronic filing to counsel of record.

<u>*/s/ Irina Kobylevsky*</u>
Irina Kobylevsky