**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAMES THOMAS TURNER, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

  v.

SHENGDATECH, INC., XIANGZHI CHEN, ANDREW WEIWEN CHEN, and ANHUI GUO,

      Defendants.
-----------------------------------------------------------------X
MARLON FUND SICAV PLC, Individually and on Behalf of Others Similarly Situated,

      Plaintiff,

  vs.

SHENGDATECH, INC., XIANGZHI CHEN, ANDREW WEIWEN CHEN, and ANHUI GUO,

      Defendants.
-----------------------------------------------------------------X

Case No.: 11-CV-1918 (TPG)

<u>CLASS ACTION</u>

**MEMORANDUM OF LAW IN SUPPORT OF THE SHADAS' MOTION TO CONSOLIDATE RELATED ACTIONS; APPOINT LEAD PLAINTIFFS; AND APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL**

Case No.: 11-CV-1996 (RJH)

<u>CLASS ACTION</u>

1

```
-------------------------------------------------------------X
ERIC S. MATHES, on behalf of himself and all        Case No.: 11-CV-2064-UA
other similarly situated,
                                                    CLASS ACTION
                Plaintiff,

        vs.

SHENGDATECH, INC., XIANGZHI CHEN,
ANDREW WEIWEN CHEN, and ANHUI
GUO,

                Defendants.
-------------------------------------------------------------X
```

Shula Shada and Aliza Peretz (his sister-in-law), (the "Shadas") respectfully submit this memorandum of law in support of the group's motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

    (1)    consolidating the above-captioned related actions;

    (2)    appointing the Shadas as Lead Plaintiffs for the class of all purchasers of the common stock of ShengdaTech, Inc. ("ShengdaTech" or the "Company") during the period between March 15, 2010 and March 15, 2011, inclusive (the "Class Period"); and

    (3) approving the Shadas' selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

ShengdaTech is a Nevada corporation with its principal executive offices located in Shanghai, People's Republic of China ("PRC"). ShengdaTech, through its operating subsidiaries, purport to engage in the manufacturing and marketing of nano precipitated calcium carbonate products. At all relevant times herein, the Company's common stock listed on the NASDAQ under ticker "SDTH."

On March 18, 2011 the first of these actions, *Turner v. ShengdaTech*, No. 11-CV-1918 (TPG) was commenced in this Court against ShengdaTech seeking remedies under Sections 10(b) and 20(a) of the Exchange Act, with a class period of March 15, 2010 to March 15, 2011. That same day, a law firm issued a PSLRA early notice advising class members that they had 60 days from that date to seek appointment as lead plaintiff in the action. *See* Declaration of Phillip Kim, filed herewith ("Kim Decl."), Ex. 1.

Thereafter the following related actions were filed in this Court.

| Case Name | Case No. | Class Period |
|---|---|---|
| *Marlon Fund SICAV PLC v. ShengdaTech, et al..* | 11-CV-1996 (RJH) | May 10, 2010 to March 14, 2011 |
| *Mathes v. ShengdaTech, et al.* | 11-CV-2064-UA | March 15, 2010 to March 15, 2010 |

On March 25, 2011 a related action was commenced in the U.S. District Court for the Central District of California, entitled *Tom McDermott v. ShengdaTech, Inc., et al.*, No. 11-CV-2557-GHK (CWx). The Shadas have filed a substantially similar lead plaintiff motion with that Court concurrently herewith.

All the actions allege that the Company made a number of misrepresentations in its public filings with the SEC and in its press releases. Namely, that: (1) ShengdaTech had material deficiencies in its internal control over financial reporting; (2) ShengdaTech's financial statements during the at least 2010, were materially false and misleading; and (3) based on the foregoing, defendants lacked a reasonable basis for their positive statements about the Company's business performance and condition.

On March 15, 2011 the ShengdaTech announced the formation of a special committee of the Board of Directors to investigate potentially serious discrepancies and unexplained issues

relating to the Company's financial records. As a result of this announcement, trading in the Company's stock was halted. ShengdaTech's stock remains halted. Thus, the Company's stock is virtually worthless as the shares are illiquid.

On April 29, 2011 ShengdaTech announced: (1) that it received a delisting notice from the NASDAQ; and (2) the resignation of the Company's CFO. According to the announcement, the NASDAQ made its delisting notice based on (among other things) NASDAQ's (a) "the deliberate and ongoing efforts of the Company's management to obstruct [the] internal investigation…"; and (b) "company's failure to promptly disclose material information related to that investigation."

The April 29, 2011 announcement also revealed that the ShengdaTech had been notified by its auditor KPMG, LLP ("KPMG"), that "senior management of the Company has not taken, and the board of directors has not caused senior management to take, timely and appropriate remedial actions with respect to discrepancies and/or issues relating to the Company's financial records that were identified during the course of the audit for the year ended December 31, 2010, and that this failure to take remedial action is expected to warrant KPMG's resignation from the audit engagement."

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it

may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008).

The above-captioned actions should be consolidated because the related actions allege similar or identical class periods, and the same factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from dissemination to the investing public of false and misleading information contained in the Company's periodic filings with the SEC and/or public announcements.  Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.     SHADAS SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

>> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, the Shadas satisfy all of these criteria and thus entitled to the presumption that they are the most adequate plaintiff of the class, and that the group, as a result, should be appointed Lead Plaintiff.

**A.   Shadas are Willing to Serve as Class Representative**

The Shadas have filed the instant motion and each has submitted certifications attesting to their willingness to serve as a representative of the class, and, if necessary, to provide testimony at deposition and trial. *See* Kim Decl., Ex. 2. Accordingly, the Shadas satisfy the first requirement to serve as Lead Plaintiff for the Class.

**B.   Shadas Have the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *Fuwei Films*, 247 F.R.D. at 437 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of

---

[1] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

the *Lax/Olsten* factors approximate loss is most determinative).  Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

The Shadas suffered losses of $549,324.60.[2]  *See* Kim Decl., Ex. 3.  The Shadas are not aware of any other movant that has suffered greater losses in ShengdaTech stock during the Class Period.  Accordingly, the Shadas satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

### C. Shadas Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient.  *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations

---

[2]  In determining losses for held shares, the Shada Group assigns no value as the trading in the Company's stock is halted.

omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437.

The Shadas fulfill the requirements of Rule 23. The Shadas each share substantially similar questions of law and fact with the members of the class, and their claims are typical of those of the members of the class. The Shadas and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about ShengdaTech's business and financial condition. The Shadas, as did all of the members of the class, purchased ShengdaTech shares at prices artificially inflated by defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between the Shadas and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiffs.

### D. Shadas Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Shadas as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff[']s class" that the presumptively most adequate plaintiff:

    (a)    will not fairly and adequately protect the interest of the class; or

    (b)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The Shadas' ability and desire to fairly and adequately represent the class have been discussed above, in Section C. The Shadas are not aware of any unique defenses that defendants

could raise against it that would render the group inadequate to represent the class.  Accordingly, the Court should appoint the Shadas as Lead Plaintiff for the class.

**III.    SHADAS' SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiffs to select and retain Lead Counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiffs' selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Shadas' have selected The Rosen Law Firm, P.A. as Lead Counsel.  The Rosen Law Firm has been actively researching the class Plaintiff's claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants.  Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Kim Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, the group's counsel has the skill and knowledge to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing the Shadas as Lead Plaintiffs of the class; (3) approving the Shadas' selection of The Rosen Law Firm as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: May 17, 2011

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

_____/s/ Phillip Kim_____
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

**CERTIFICATE OF SERVICE**

    I hereby certify that on this, the 17th day of May, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                        /s/ Phillip Kim