```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re SHENGDATECH, INC. SECURITIES      :    11 Civ. 1918 (LGS)
LITIGATION                                                  :
                                                            :    OPINION & ORDER
                                                            :
                                                            :
                                                            :
                                                            :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      This consolidated action is brought on behalf of the shareholders of ShengdaTech, Inc. ("Shengdatech").  By Opinion and Order dated August 12, 2014 (the "August 12 Order"), Defendants' A. Carl Mudd and Sheldon B. Saidman's (collectively, the "Director Defendants") motion to dismiss the operative Third Amended Consolidated Class Action Complaint (the "Third Complaint") was granted.  Lead Plaintiffs now move to vacate the August 12 Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and seek leave to file a Fourth Amended Consolidated Class Action Complaint (the "Fourth Complaint").  For the following reasons, the motion to vacate is denied, and leave to amend is also denied.

**I.    BACKGROUND**

      Familiarity with the allegations in the Third Complaint and the reasoning underlying its dismissal as to the Director Defendants is presumed.  *See In re ShengdaTech, Inc. Sec. Litig.*, No. 11 Civ. 1918, 2014 WL 3928606 (S.D.N.Y. Aug. 12, 2014).  The procedural history relevant to the present motion and the additional allegations regarding the Director Defendants in the Fourth Complaint are below.

A.     **Procedural History**

In December 2011, four separate actions alleging securities fraud under the Private Securities Litigation Reform Act ("PSLRA"), were consolidated, and Lead Plaintiffs were appointed. On October 15, 2012, Lead Plaintiffs filed a Consolidated Amended Complaint (the "First Complaint") adding the Director Defendants to the original defendants in the action. The Director Defendants moved to dismiss the claims against them. Lead Plaintiffs opposed the motion, then sought leave to file an amended complaint that would bolster the First Complaint's scienter allegations.

In August 2013, Lead Plaintiffs filed the Second Consolidated Amended Complaint (the "Second Complaint"). Two weeks later, the Director Defendants' motion to dismiss the First Complaint was granted for failure to plead scienter, without a ruling on the propriety of Lead Plaintiffs' filing the Second Complaint. Lead Plaintiffs timely filed a motion for reconsideration, asking that the dismissal of claims against the Director Defendants in the First Complaint be vacated in light of the already filed Second Complaint. Lead Plaintiffs' motion was granted, and the order dismissing the Director Defendants was vacated. At the same time, Lead Plaintiffs were granted leave to file a Third Complaint that relied on factual allegations in the following related cases: *In re ShengdaTech, Inc.*, BK-11-52649 (Bankr. Nev.) (the "Bankruptcy Action"), and *Oaktree Capital Mgmt., L.P. v. KPMG*, No. 12 Civ. 956 (D. Nev.).

In October 2013, Lead Plaintiffs filed the operative Third Complaint, and the Director Defendants again moved to dismiss the claims against them. By Opinion and Order dated August 12, 2014 (the "August 12 Order"), the motion was granted based on failure to plead scienter.

On October 24, 2014, Lead Plaintiffs filed the present motion seeking leave to file a proposed Fourth Complaint based on "newly-discovered facts" and vacate the dismissal of the

2

Director Defendants. These additional facts are culled from an amended complaint filed on July 24, 2014 (the "State Complaint"), in a Nevada state court action against, among others, the Director Defendants. *See Oaktree Capital Mgmt., L.P. v. Xiangzhi Chen*, No. A-13-678471-B (Nev. Dist. Ct. Clark Cnty.) (the "State Action"). Lead Plaintiffs explain that they were unaware of the State Action until September 22, 2014. On that day, Lead Plaintiffs were informed that the plaintiffs in the State Action, along with Lead Plaintiffs in this action, were part of a global mediation effort with the Director Defendants. On the same day, Lead Plaintiffs inquired about and received the State Complaint from counsel for ShengdaTech.

### B. Lead Plaintiffs' Constructive Knowledge of the State Action

The Director Defendants assert that Lead Plaintiffs were informed of -- and should have known about -- the State Action at least as early as February 11, 2014. On that date (six months before the August 12 Order was issued), the Director Defendants filed a Motion to Enforce Plan Injunction (the "Motion to Enforce") in the Bankruptcy Action seeking to enjoin the State Action.[1] Lead Plaintiffs entered an appearance on November 17, 2011, as interested parties in the Bankruptcy Action, represented by the same counsel as in the present action. The Motion to Enforce and all related court filings were served on them in the Bankruptcy Action via electronic filing.

On the second page of the Motion to Enforce, the Director Defendants stated: "In March 2013, Plaintiffs [in the State Action] filed a lawsuit . . . against the [Director Defendants] . . . asserting a single cause of action for negligent misrepresentation . . . ." Later in the Motion to Enforce, the Director Defendants explained that they were among the defendants in the State

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the docket and filings in the Bankruptcy Action. *See, e.g.*, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice.").

3

Action, pending in the District Court for Clark County, Nevada, facing a claim of common law negligent misrepresentation. In a declaration attached to the Motion, counsel for the Director Defendants identified the docket number and case name of the State Action.

In March 2014, five months before the August 12 Order, the plaintiffs in the State Action filed an opposition to the Motion to Enforce. The first page of the opposition stated:

> On March 15, 2013, five months after [the Bankruptcy Court's] order . . . confirming ShengdaTech's First Amended Chapter 11 Plan of Reorganization, As Modified . . . , Plaintiffs [in the State Action] filed suit against the Director Defendants in Nevada state court for negligent misrepresentation. The suit was filed and remains pending in the District Court, Clark County, under the caption *Oaktree Capital Management, L.P., et[] al.[] v. Xiangzhi Chen, et[] al.*, Case No. A-13-678471-B . . . , where it has already survived a motion to dismiss and is in active discovery, with a fact discovery deadline of July 3, 2014 and a trial scheduled for November 2014.

The docket reflects that on April 18, 2014, the Bankruptcy Court granted the Motion to Enforce during a telephone conference.

On April 28, 2014, the Director Defendants and the plaintiffs in the State Action filed competing proposed orders for the court to use in formally granting the Motion to Enforce. The final written order granting the Motion to Enforce was entered on May 14, 2014. On May 28, 2014, the plaintiffs in the State Action filed a notice of appeal from the order granting the Motion to Enforce.

In sum, between February 2014 and May 2014, at least eight entries on the docket of the Bankruptcy Action were primarily, if not solely, about the State Action and disclosed that the Director Defendants were being sued for negligent misrepresentation in connection with their service on the Board of ShengdaTech, and that discovery was ongoing and soon to be completed. By at least February 2014, the bankruptcy court filings had disclosed where the State Action had

4

been filed and its docket number. Lead Plaintiffs could have accessed the filings in the State Court Action either anonymously or by registering with the Nevada state court system.[2]

## II. DISCUSSION

Lead Plaintiffs move to vacate the August 12 Order pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(2), and seek leave to file the Fourth Complaint pursuant to Rules 15(a) and 15(d). The motion is denied.

### A. Rule 60(b) Does Not Apply

Because Rule 60(b) enumerates grounds for relief from a "*final* judgment, order or proceeding," the threshold question is whether the August 12 Order is "final." Fed. R. Civ. P. 60(b) (emphasis added and capitalization altered). Contrary to the parties' assumption, the August 12 Order is not "final" within the meaning of Rule 60(b).

The prevailing rule in this Circuit and elsewhere is that an order is final for purposes of Rule 60(b) when it is appealable. "The standard test for whether a judgment is 'final' for Rule 60(b) purposes is . . . whether the judgment is sufficiently 'final' to be appealed." 12 James Wm. Moore et al., Moore's Federal Practice § 60.23 (cited in, inter alia, *Luv n' Care, Ltd. v. Regent Baby Prods. Corp.*, 986 F. Supp. 2d 400, 411 n.3 (S.D.N.Y. 2013), *reconsideration denied* (S.D.N.Y. 2014); *Bank Leumi USA v. Ehrlich*, No. 12 Civ. 4423, Dkt. No. 58, at 2 (S.D.N.Y. Feb. 18, 2014); *Floyd v. City of New York*, 813 F. Supp. 2d 457, 464 n.65 (S.D.N.Y. 2011); *Alvarez v. Am. Airlines, Inc.*, No. 98 Civ. 1027, 2000 WL 145746, at *1 (S.D.N.Y. Feb. 8, 2000); *see also Gucci Am., Inc. v. Weixing Li*, No. 10 Civ. 4974, 2012 WL 1883352, at *2 (S.D.N.Y. May 18, 2012) (collecting cases), *vacated on other grounds*, 768 F.3d 122 (2d Cir. 2014). The

---

[2] *See* Eighth Judicial District Court Records Inquiry, https://www.clarkcountycourts.us/Anonymous/default.aspx (last visited May 27, 2015); Clark County -- Document Access, https://wiznet.wiznet. com/clarknv/pages/login.jsp (last visited May 27, 2015).

Second Circuit has not expressly articulated this rule, but has adopted it by implication. *See In re U.S. Lines, Inc.*, 216 F.3d 228, 235 (2d Cir. 2000) (citing cases equating finality to appealability in finding district court's venue order in a bankruptcy case, which fell under district court's "original" rather than "appellate" jurisdiction, as not final for Rule 60(b) purposes). At least three other circuits have stated that Rule 60 applies only to appealable final orders or judgments. *See Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571 (7th Cir. 2006) ("Rule 60(b) of the Federal Rules of Civil Procedure. . . . by its terms limited to 'final' judgments or orders, is inapplicable to interlocutory orders."); *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004) (same); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) (explaining that "a preliminary injunction is not a 'final judgment, order, or proceeding' that may be addressed by a motion under Rule 60(b)" because it is "interlocutory").

As is well established, for purposes of an appeal, "[a] final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). The "core application" of the statute that confers appellate jurisdiction, 28 U.S.C. § 1291, "is to rulings that terminate an action." *Gelboim v. Bank of America Corp.*, 135 S. Ct. 897, 902 (2015). Barring a district court's entry of a partial final judgment based on an express determination that "there is no just reason for delay," "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *does not end the action as to any of the claims or parties*." Fed. R. Civ. P. 54(b) (emphasis added).

Accordingly, Rule 60(b) is inapplicable here because the August 12 order dismissing the claims against the Director Defendants leaves pending the claims against the other Defendants, and no partial final judgment has been entered as to Director Defendants pursuant to Rule 54(b).[3]

### B.  Lead Plaintiffs' Motion, Construed as a Motion for Reconsideration, Is Untimely

Because the August 12 Order is not a final order or judgment, Lead Plaintiffs' motion must be construed as a motion for reconsideration under Local Civil Rule 6.3, which provides that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." The instant motion was filed on October 24, 2014, more than 14 days after August 12, 2014, and is denied as untimely. *Accord Luv n' Care*, 986 F. Supp. 2d at 411 (construing Rule 60(b) motion as motion under Local Civil Rule 6.3 and denying as untimely for being filed one day late).[4]

---

[3]  *But see Breslow v. Schlesinger*, 284 F.R.D. 78, 83 (E.D.N.Y. 2012) (applying Rule 60(b) in "reconsidering" stipulation of dismissal with prejudice as to only one of multiple defendants); *Oliphant v. Villano*, No. 07 Civ. 1435, 2010 WL 909072, at *3 (D. Conn. Mar. 8, 2010) (applying Rule 60(b) in analyzing motion for relief from partial dismissal); *Mancuso v. Consol. Edison Co. of N.Y.*, 905 F. Supp. 1251, 1264 (S.D.N.Y. 1995) (analyzing under Rule 60 motion for relief from order dismissing some but not all claims); *McPartland v. Am. Broad. Cos., Inc.*, 113 F.R.D. 84, 85 (S.D.N.Y. 1986) (applying Rule 60(b) in analyzing motion for relief from partial summary judgment).

[4]  To the extent that Rule 60(b) is applicable, the result is the same. "Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (internal citation and quotation marks omitted). Where, as here, "a claim sounds very much like a claim regarding newly discovered evidence, the claim is controlled by [Rule] 60(b)(2) and should not be labeled as if brought under a different provision of Rule 60(b)." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178 (2d Cir. 2004) (internal citation and quotation marks omitted). To merit relief under Rule 60(b)(2), "the movant must have been justifiably ignorant of [newly discovered evidence] despite due diligence." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001). At the very least, reasonable diligence requires litigants to read the court filings that are served on them, particularly Bankruptcy Court filings by and against the company they are accusing of fraud -- particularly when they have

7

### C. Leave to Amend

For the following reasons, leave to amend is denied.

As an initial matter, and again contrary to the parties' apparent agreement to the contrary, the general rule that "[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to [Rules] 59(e) or 60(b)," *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011), is inapplicable here because there has been no final judgment.[5]  Instead, Rule 15(a) controls.[6]

Rule 15(a) requires that courts "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  A "motion to amend is generally denied only for futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010) (internal quotation marks omitted).  However, in cases governed by the PSLRA, district courts need not grant plaintiffs multiple opportunities to plead fraud with greater specificity when a complaint is dismissed for failure to satisfy Rule 9(b).  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007) ("District courts typically grant plaintiffs at least one opportunity to plead fraud with greater specificity when they dismiss under Rule 9(b). . . .  ATSI was given that opportunity.  The district court did not abuse its discretion in

---

sought and been granted leave to base additional allegations on those filings.  Based on the record described in the Background section, Lead Plaintiffs were not justifiably ignorant of the allegations in the State Action and failed to exercise due diligence.  Consequently, they are not entitled to relief under Rule 60(b)(2).

[5]   To the extent that Rule 60 does apply, however, leave to amend is denied because, as explained above, Lead Plaintiffs are not entitled to vacatur under Rule 60.

[6]   Although Lead Plaintiffs seek leave to amend under both Rules 15(a) and 15(d), the latter is applicable.  Rule 15(d) "permit[s] a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Here, none of the new allegations in the proposed Fourth Complaint concern events that occurred after the filing of the Third Complaint.

declining to grant further leave to amend."); *see also Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (collecting cases) ("[A] dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment.").

Congress enacted "the mandatory stay of discovery [in the PSLRA] to prevent plaintiffs from filing securities fraud lawsuits as a vehicle in order to conduct discovery in the hopes of finding [] sustainable claims not alleged in the complaint." *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 181 (S.D.N.Y. 2004) (internal quotation marks omitted). "Manifest in the 1995 Reform Act is the mandate that courts assess the legal sufficiency of plaintiffs' securities fraud allegations according to what plaintiffs *know at the time the complaint is filed*, rather than what they wish to learn through discovery and recover from defendants merely by reason of commencing an action charging fraud." *Id.* (emphasis added).

Here, Lead Plaintiffs have been granted repeated opportunities to amend, and yet the Third Complaint was dismissed for essentially the same reasons as the First Complaint -- Plaintiffs failed to plead scienter with sufficient particularity. Even after Lead Plaintiffs were permitted to amend to include allegations in other actions related to ShengdaTech, they failed to act with diligence. *Cf. Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) (noting that districts court may deny leave to amend after Rule 16 Court deadline for amended pleadings if "the moving party has failed to establish good cause" for delay in bringing amendment, where "good cause" "depends on the diligence of the moving party"). Lead Plaintiffs knew, or should have known, of the State Action in or before February 2014. They cannot claim justifiable ignorance of the State Action in the face of numerous filings regarding that action that were served on them in the Bankruptcy Action. Had they exercised reasonable

9

diligence, Lead Plaintiffs need not have waited for the August 12 Order to file a motion seeking to add further allegations regarding the Director Defendants.  As they did when the motion to dismiss the First Complaint was pending, they could have sought leave to file the Fourth Complaint while a decision on the Third Complaint was pending.

Lead Plaintiffs' insistence that they could not reasonably have been expected to know of the State Action before September 22, 2014, is belied by the docket in Bankruptcy Action.  By arguing that "there was a glancing reference to the filing of the [State Action] in one of the hundreds of filings found on the bankruptcy docket," Lead Plaintiffs mischaracterize the extent to which the filings in the Bankruptcy Action discussed the State Action.  In fact, at least eight filings on the Bankruptcy Action's docket, all filed months prior to the August 12 Order and served on Lead Plaintiffs, were entirely concerned with the State Action and whether it should be enjoined.

Similarly, Lead Plaintiffs' reliance on *Werner v. Werner*, 267 F.3d 288 (3d Cir. 2001), is unavailing.  First, that out-of-circuit case is not binding here.  Second, "[s]ince *Werner* was decided, the Third Circuit has specifically endorsed" the view that the PSLRA pleading "standard is meaningless if judges on a case-by-case basis grant leave to amend numerous times."  *Miller v. Champion Enterprises Inc.*, 346 F.3d 660, 691 (6th Cir. 2003) (citing *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332-33 (3d Cir. 2002)).

In sum, leave to amend is denied.

## III. CONCLUSION

For the foregoing reasons, Lead Plaintiffs' motion to vacate the August 12 Order pursuant to Rule 60(b) is DENIED, and leave to amend is also DENIED.

The Clerk of Court is directed to close the motion at Dkt. No. 123.

SO ORDERED.

Dated: May 28, 2015
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**