USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/8/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

In re SHENGDATECH, INC. SECURITIES LITIGATION : 11 Civ. 1918 (LGS)

ORDER

---------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, an action is pending before this Court styled *In re ShengdaTech, Inc. Securities Litigation*, Master No. 1:11-cv-01918-LGS (the "Action");

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with an Amended Stipulation and Agreement of Settlement dated March 27, 2015, (the "Settlement Agreement") (Dkt. No. 148, Ex. 1),[1] which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action between the Settling Parties and for dismissal of the Action against KPMG HK (the "Settling Defendant") and its Related Persons with prejudice upon the terms and conditions set forth therein;

WHEREAS, the parties appeared for oral argument on the Settling Parties' motion for preliminary approval of the Settlement Agreement and timely submitted changes to the relevant papers as ordered by the Court (Dkt. No. 148);

WHEREAS, unless otherwise defined, all defined terms in this Order have the same meanings as set forth in the Settlement Agreement;

---

[1] Capitalized terms not defined here have the meaning ascribed to them in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing (the "Settlement Hearing") described below.

2. The Settlement Hearing shall be held before this Court on **September 17, 2015**, at **10:30 a.m.**, at the Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom: 1106, New York, NY 10007, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether a Judgment as provided in ¶ 1.10 of the Settlement Agreement should be entered; to determine whether the proposed Plan of Distribution as provided in ¶ 1.18 of the Settlement Agreement should be approved; to determine any amount of fees and expenses that should be awarded to Lead Counsel for its service to the Class; to hear any objections by Class Members to the Settlement Agreement or Plan of Distribution or any award of fees and expenses to the Lead Counsel; and to consider such other matters as the Court may deem appropriate.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies for purposes of settlement only a Class defined as all Persons who purchased the common stock of ShengdaTech, Inc. ("ShengdaTech" or the "Company") between May 6, 2008 and March 15, 2011, inclusive ("Class Period"). Excluded from the Class are any Defendant in this Action, the officers and directors of ShengdaTech during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant, or any officer or director of ShengdaTech, has or had a controlling interest. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

4. For purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Class Members are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual question; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints for settlement purposes only the firm Gilardi & Co. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) within 10 days of the date of this Order (the "Notice Date"), Lead Counsel or the Claims Administrator shall post on the website, www.shengdatechsecuritieslitigation.com, and shall mail by first-class mail, postage prepaid, a copy of the Notice and the Proof of Claim and Release form, substantially in the forms available on the docket Exhibits 2 and 3 at Dkt. No. 148, to all potential members of the Class at the address of each such Person, as set forth in the records of ShengdaTech or its transfer agent or as otherwise may be identified through further reasonable effort;

(b) not later than **June 19, 2015**, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of Investor's Business Daily and once over Business Wire; and

(c) not later than **September 7, 2015**, Lead Counsel shall serve on the Settling Defendant's counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6. Nominees who purchased ShengdaTech common stock for the benefit of another Person during the Class Period, shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of ShengdaTech common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

7. All fees, costs, and expenses incurred in identifying and notifying Class Members shall be paid from the Settlement Fund and in no event shall any of the Released Person bear any responsibility for such fees, costs, or expenses.

8. All Class Members (except Persons who request exclusion pursuant to ¶ 11 below) shall be bound by all determinations and judgments in the litigation concerning the Settlement, including, but not limited to, the releases provided for therein, regardless of whether such Persons seek or obtain any distribution from the Settlement Fund or the Net Settlement Fund.

9. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked no later than **September 7, 2015**. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any Order approving the Settlement, or any final judgment, entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

10. Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If such member does not enter an appearance, the member will be represented by Lead Counsel.

11. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than **August 3, 2015**. A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases or acquisitions and sales of ShengdaTech common stock between May 6, 2008 and March 15, 2011, inclusive, including the dates, the number of ShengdaTech common stock purchased or sold, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

12. Lead Counsel shall cause to be provided to Settling Defendant's counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as provided for in the Supplemental Agreement referenced in ¶ 7.3 of the Settlement Agreement.

13. Any Class Member may appear and object if any such member has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Distribution should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Lead Plaintiffs for their service to the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement,

or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Distribution, or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel, unless written objections and copies of any papers and briefs are post-marked or received by Robbins Geller Rudman & Dowd LLP, Samuel H. Rudman, Mario Alba Jr., 58 South Service Road, Suite 200, Melville, NY 11747, on or before **August 3, 2015**; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, on or before **August 3, 2015**. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Distribution, and to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

14. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement or further order(s) of the Court.

15. All papers in support of the Settlement, Plan of Distribution, and any application by Plaintiffs' Counsel for attorneys' fees and expenses shall be filed and served no later than **July 13, 2015**, and any reply papers shall be filed and served no later than **September 7, 2015**.

16. At or after the Settlement Hearing, the Court will determine whether the Plan of Distribution proposed by Lead Counsel, and any application for attorneys' fees and expenses, should be approved. The Released Persons shall have no responsibility for the Plan of Distribution or any application for attorneys' fees or expenses submitted by Plaintiffs' Counsel.

17. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement.

In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any such amounts actually and properly incurred or disbursed for Class Notice and Administration Costs, as provided in ¶¶ 2.6, 2.7, 2.8, and 7.4 of the Settlement Agreement.

18. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Defendant or any other Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or damage of any kind, or of any infirmity in the defenses that the Settling Defendant has, or could have, asserted.

19. All proceedings in the Action pertaining to the Settling Defendant are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

20. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 2 above, and the Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

SO ORDERED.

Dated: June 8, 2015
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE