```
                                            USDC SDNY
                                            DOCUMENT
                                            ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                DOC #:_____
SOUTHERN DISTRICT OF NEW YORK               DATE FILED: 09/25/2015
```

|  |  |
|---|---|
| In re SHENGDATECH, INC. SECURITIES LITIGATION | Master No. 1:11-cv-01918-LGS<br><br>CLASS ACTION |
| This Document Relates To:<br><br>　　ALL ACTIONS. | FINAL JUDGMENT, BAR ORDER AND ORDER OF DISMISSAL WITH PREJUDICE |

LORNA G. SCHOFIELD, District Judge:

　　This matter came before the Court for hearing pursuant to the Order preliminarily approving the Settlement and providing for notice ("Notice Order") dated June 8, 2015, on the application of the Settling Parties for approval of the Settlement set forth in the Amended Stipulation and Agreement of Settlement dated June 10, 2015 (the "Stipulation" or the "Settlement Agreement"). Due and adequate notice having been given to the Class as required in the Notice Order, and the Court having considered all papers filed and proceedings and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

　　1.　　This Final Judgment, Bar Order and Order of Dismissal with Prejudice (the "Final Judgment") incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

　　2.　　This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all Class Members.

　　3.　　Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies for purposes of settlement only the Class, defined as all Persons who purchased

ShengdaTech common stock during the Class Period (May 6, 2008, through and including March 15, 2011). Such Class excludes any Defendant in this Action, the officers and directors of ShengdaTech during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant, or any officer or director of ShengdaTech, has or had a controlling interest. Class counsel represents that no class member timely and validly excluded himself or herself from the Class.

4. For purposes of settlement only, the Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) questions of law and fact common to the Class predominate over any individual question; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. The Court hereby finds that the Notice described herein provided the best notice practicable under the circumstances. The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement, the Plan of Distribution, and the request for attorneys' fees and expenses, to all Persons entitled to such notice, and the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the

requirements of due process. Due and adequate notice of the proceedings has been given to the Class, and a full opportunity has been offered to the Class to object to the proposed Settlement and to participate in the Settlement Hearing. Consequently, all putative members of the Class who did not elect to exclude themselves by written communication postmarked or delivered on or before August 3, 2015, as required in the Notice are bound by this Final Judgment.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement Agreement and Settlement are finally approved in all respects, and the Settling Parties are directed to perform its terms.

7. The Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions of this Judgment and Order. As to the Settling Defendant, the Action and all Released Claims of the Class are dismissed with prejudice, without costs as to any of the Released Persons, except as provided in the Settlement Agreement and in this Final Judgment and Order.

8. Upon the Effective Date, and as provided in the Settlement Agreement, Lead Plaintiffs and each of the Class Members and their predecessors, successors, agents, representatives, attorneys, and affiliates, and their heirs, executors, administrators, successors, and assigns, in their capacity as such, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged the Released Persons, any and all Released Claims, as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims against the Released Persons, Lead Plaintiffs and Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement.

9.      Upon the Effective Date hereof, and as provided in the Settlement Agreement, each of the Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and counsel for any plaintiff in the Action, including Lead Counsel, from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for claims relating to the enforcement of the Settlement.

10.     Upon the Effective Date, Lead Plaintiffs and each of the Class Members shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims, as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims against the Released Persons, Lead Plaintiffs and Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement.

11.     In accordance with 15 U.S.C. §78u-4(f)(7)(A), any and all claims for contribution and indemnification are hereby permanently barred and discharged if the claim or claims: (a) arise out of, relate to, or are in connection with the Action or any Released Claims; and (b) are filed by any Person against the Settling Defendant, or filed by the Settling Defendant against any Person.

12.     Nothing herein shall be deemed to discharge any person or entity other than the Released Persons from liability for the Released Claims.

13.     Any final verdict or judgment obtained by or on behalf of the Lead Plaintiffs or the Class against any Person, other than the Released Persons, relating to the Released Claims, shall be reduced in accordance with the PSLRA and applicable law.

14. Neither the Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file the Settlement Agreement and this Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over:  (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorney's fees, interest, and expenses in the Action; and (d) all Settling Parties here for the purpose of construing, enforcing, and administering the Settlement Agreement.

16. The Plan of Distribution submitted by Lead Counsel or any order entered regarding any attorney's fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.  However, KPMG HK shall have no obligation to make any payment into the Escrow Account except as specifically provided in the

Stipulation, and there shall be no distribution of any of the Settlement Amount to any Class Member until a Plan of Distribution is finally approved and is affirmed on appeal or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

17.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendant, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement, and the Settlement Amount or any portion thereof or interest thereon, if previously paid by KPMG HK, shall be returned to KPMG HK as provided in the Stipulation.

18.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

19.     As there is no just reason to delay in entering a final judgment as to the Released Persons, this Order shall constitute a final judgment pursuant to Fed. R. Civ. P. 54(b).

20.     The Court dismisses without prejudice Defendants Xiangzhi Chen, Andrew Weiwen Chen, Anhui Guo, and Dongquan Zhang.  Class counsel represents that said Defendants, who are officers and directors of ShengdaTech, were unable to be served.

21. The Clerk of the Court is respectfully requested to close this case as well as *McDermott v. Shengdatech, Inc., et al.*, 12-cv-912.

SO ORDERED.

DATED: September 25, 2015

                                                  **LORNA G. SCHOFIELD**
                                                  **UNITED STATES DISTRICT JUDGE**